## SILAS WHITE v. JOHN McQUEEN.

*False imprisonment—Arrest without a warrant—Probable cause—Pleading—Evidence.*

1. When the facts are conceded, probable cause is a question of law, which the court must determine; citing *Perry v. Sulier*, 92 Mich. 72; *Huntington v. Gault*, 81 Id. 155.

2. When an officer in arresting fugitives from justice, and those who he honestly believes have been guilty of a felony, has acted in good faith, and after such an investigation as the circumstances permitted him to make, he will be protected in his action, and relieved from the consequences of a false imprisonment.

3. The defense that the defendant in a suit for false imprisonment, who arrested the plaintiff without a warrant, had probable cause to believe that he had been guilty of a felony, is inadmissible under the plea of the general issue, without notice of such special matter of defense.

4. A newspaper article which states that the plaintiff in a suit for false imprisonment, and his companions, were very drunk when they boarded a street car, refused to pay their fare, used vile language, which annoyed the passengers, refused to get off when requested, and showed fight when the conductor proceeded to put them off; that the motorman came to the conductor's rescue, and knocked one of the men from the car, and the conductor ejected another; that one of them jumped on again, and was bleeding profusely, and using vile and filthy language; that when he refused to get off the conductor knocked him from the car with a rock; that the passengers then commenced to jump from the car, one of whom, a lady, fortunately fell away from the car, and escaped death; and that the names of the men were not known to the police, but that they had a good description of them, and, unless they left the city, they would probably be identified,—does not show that the plaintiff and his companions had been guilty of a violation of How. Stat. §§ 9274, 9275 (which make it a crime for any person willfully and maliciously, by any act, or by means of intimidation, to impede or obstruct the regular operation and conduct of the business of any railroad company, etc., or for two or more persons willfully and maliciously to combine or conspire together for a like pur-

pose), or of any felony whatever, and does not justify the arrest of the plaintiff without a warrant.

Error to Kent. (Adsit, J.) Submitted on briefs April 18, 1893. Decided June 30, 1893.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Myron H. Walker*, for appellant, contended for the doctrine of the opinion.

*L. G. Rutherford*, for defendant, contended:

1. Any facts which would induce any fair-minded man of average intelligence and judgment to believe that a felony had been committed would be probable cause and reasonable grounds for such belief; citing *People v. Wilson*, 55 Mich. 515, 516; *Ross v. Leggett*, 61 Id. 449.

2. The plaintiff admits that he boarded a street car in company with some drunken men, who refused to obey the reasonable rules adopted by the company, who used boisterous and obscene language, threw stones, and threatened to kill and murder. This information coming to the sheriff, or to any other person, would authorize him to make the arrest whenever and wherever the party could be found; and on this state of facts the court should have taken the case from the jury, and for that reason the plaintiff cannot be prejudiced by any ruling made by the court.

3. In actions of tort, everything which may be considered by the jury in mitigation of damages may be given in evidence under the general issue, for such matters cannot be pleaded, and a notice of them would be of no avail; citing *Delevan v. Bates*, 1 Mich. 97; and it has never been considered necessary in this State, where the defendant did not seek to justify under process, to give notice under the general issue; citing *Josselyn v. McAllister*, 22 Mich. 300.

4. The burden of proving want of probable cause is on the plaintiff; citing *Hamilton v. Smith*, 39 Mich. 222.

GRANT, J. Defendant was the sheriff of Kent county. He caused the arrest of plaintiff August 2, 1891, which was Sunday, and imprisoned him in the county jail until the following day, when he was brought before the police

judge, and charged with being disorderly, under an ordinance of the city of Grand Rapids. He was tried upon August 4, and acquitted. Defendant had no warrant for his arrest. Plaintiff then instituted this suit to recover damages for false imprisonment. The declaration is in the usual form. The plea was "not guilty." Defendant claimed to have arrested plaintiff upon suspicion that he was guilty of a felony.

It appears from the evidence that on the Saturday evening previous an altercation had occurred upon a street car between those in charge and some passengers; that during the fight a lady had jumped from the car, and was reported to be seriously injured; and that no arrests were made that night of any of the persons engaged in the fight. The defendant testified that between 8 and 9 o'clock Sunday morning the turnkey of the jail reported to him that there was a riot on East Fulton street by a lot of colored people, and that a lady was killed or nearly killed; that some one had telephoned that there had been a row and a fight on a street car, and that this woman had received serious injuries in consequence of the fight, and thought the authorities ought to take these people in charge. Defendant then went to the office of the street-railway company, and saw Mr. Chapman, who had telephoned to the jail for him. Chapman gave him the names of six persons, including the plaintiff, who, he said, had been engaged in the fight, and wanted him to arrest them. Mr. Chapman told him that these persons had undertaken to run the car, and had used profane language; that the conductor undertook to eject some of them from the car; that they all pitched on the conductor, or two conductors, got one of them down, and hammered him; that this lady had gotten off of the car, or jumped off the car, in some way; that she was in a critical condition, and presumed she would die; that he (Chapman) wanted these people taken that day,

for if she died they would skip out, and there would be trouble in getting them. On the strength of this information defendant sent two deputies to arrest the plaintiff and the others who were reported to have been engaged in the affair. Defendant thought, but was not positive, that he saw an account of the affair in one of the Sunday morning papers. Plaintiff was a coachman for Dr. Barth. He was found by the officers at his customary work at the barn about 1 o'clock P. M., and promptly told them his name, whereupon he was immediately taken to jail.

The case was submitted to the jury upon the theory that if the defendant had probable cause to believe, from the information which he received, that a felony had been committed by the plaintiff, he was justified in making the arrest without a warrant. The court instructed the jury that assault with intent, to do great bodily harm, and manslaughter, were felonies. But the crime to which he specifically called their attention was obstructing the operations and business of the street-railway company, under How. Stat. §§ 9274, 9275. Under the first section it is made a crime for any person willfully and maliciously, by any act, or by means of intimidation, to impede or obstruct the regular operation and conduct of the business of any railroad company, etc. The second section makes it a crime for two or more persons willfully and maliciously to combine or conspire together for the like purpose. The punishment provided by the first section may be imprisonment in the State prison for a period not exceeding one year; and, under the second section, a like imprisonment not exceeding two years. The court instructed the jury that if the facts conveyed to the defendant justified him in believing that an offense under this statute had been committed, and that the plaintiff was guilty thereof, then he was justified in making the arrest.

The judgment must be reversed for two reasons:

1. The defense that the defendant had probable cause to believe that plaintiff had been guilty of a felony was inadmissible under the pleadings. Notice of this defense should have been given. Mr. Chitty says:

"Whoever assaults or imprisons another must justify himself by showing specially to the court that the act was lawful. And a plea justifying an arrest of the plaintiff upon the ground that a felony had been committed, and that there was reasonable ground to suspect and accuse the plaintiff, must distinctly state the specific reasons for suspecting the plaintiff. These are positive rules of law in order to prevent surprise on the plaintiff at the trial by the defendant then assigning various reasons and causes of imprisoning the plaintiff of which he had no notice, and which consequently he could not be prepared to meet at the trial on the plea of not guilty, on fair and equal terms with respect to the evidence and proof of facts." 1 Chit. Pl. 501; *Wade v. Chaffee*, 8 R. I. 224; *Boynton v. Tidwell*, 19 Tex. 118.

It is manifestly of more importance to the plaintiff that he should be informed by the plea of the facts relied upon for his arrest without a warrant than when he is arrested upon a warrant, which he has the right to see and read when he is arrested. No case than the present better illustrates the necessity of this rule. When brought into court after his imprisonment he was charged only with a misdemeanor, viz., the violation of a city ordinance. For this offense he could not legally be arrested without a warrant. He had a right to presume that this was the offense for which he was arrested the day before.

2. When an officer in arresting fugitives from justice, and those who he honestly believes have been guilty of a felony, has acted in good faith, and after such an investigation as the circumstances permitted him to make, he will be protected in his action, and will be relieved from the consequences of a false imprisonment. This is required

for the protection of society, and to prevent the escape of criminals. So far as appears upon this record, the defendant acted mainly upon the information conveyed to him by Chapman. If he read the newspaper article (and the judge in his charge assumed that he did), there was nothing in that to indicate that plaintiff and his companions had been guilty of a felony. The article stated that plaintiff and his companions were very drunk when they boarded the car; that they refused to pay their fare; that they used vile language, which annoyed the passengers; that they refused to get off when asked; that they showed fight when the conductor proceeded to put them off; that the motorman came to his rescue, and with his crank knocked one of the colored men from the car; that the conductor ejected another; that one of the colored men jumped on again; that he was bleeding profusely, and using vile and filthy language; that when he refused to get off the conductor knocked him from the car with a rock; that the passengers then commenced to jump from the car; and that among those who jumped was a lady, but that she fortunately fell away from the car, and escaped death; and that the names of the colored men were not known to the police, but that they had a good description of them, and, unless they left the city, they would probably be identified. There was nothing in this statement to show that the plaintiff and his companions had been guilty of a violation of the statutes above quoted, or of any felony whatever. There was therefore nothing in it to justify the arrest without a warrant. When the facts are conceded, probable cause is a question of law, which the court must determine. Pol. Torts, 192, 193; *Perry v. Sulier,* 92 Mich. 72; *Huntington v. Gault,* 81 Id. 155. Under this record the court should have directed the jury that there was no probable cause for the belief on the

part of the defendant that plaintiff had been guilty of a felony.

For these reasons the judgment must be set aside, and a new trial ordered.

The other Justices concurred.