### CARMAN v. EMERSON.

(Circuit Court of Appeals, Eighth Circuit. December 16, 1895.)

No. 670.

1. FALSE IMPRISONMENT—JUSTIFICATION—LEGAL WRIT.
Imprisonment by virtue of a legal writ in due form, issued by a court of competent jurisdiction, and served in a lawful manner, is not false imprisonment, though the writ was wrongfully issued.

2. CONTEMPT OF COURT—DISREGARD OF SUBPŒNA.
One duly served with a subpœna, who neither appears nor takes means to bring to the court's attention facts excusing him from attending, is guilty of contempt, and the disclosure of such facts after his attachment for contempt is not a bar to his punishment therefor.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

Action by Robert C. Carman against Reuben L. Emerson. A judgment was rendered for defendant, and plaintiff brings error.

In an action pending in the circuit court of Columbia county, Ark., wherein the defendant in error was plaintiff and J. G. Kelso was defendant, a subpœna was duly issued out of that court for R. C. Carman, the plaintiff in error, commanding him to appear and testify on the part of the plaintiff in that action. This subpœna was returned duly served, and, the witness failing to appear according to its command, the court ordered an attachment to issue against him, and an attachment was accordingly issued, upon which he was arrested by the proper sheriff, and brought before the court to answer for his alleged contempt.

In his response to the attachment, the witness admitted the subpœna had been served upon him, and that he refused, upon advice of counsel, to obey its command for the following reasons: That he did not reside in the county in which the action was pending, or in an adjoining county; that he was the cashier of a bank; that he resided more than 30 miles from the place where the court was held; and that by reason of these facts he could not, under the statutes of Arkansas, be lawfully compelled to attend the court in Columbia county as a witness.

The statute of Arkansas provides that depositions may be used in the trial of any action where the witness does not reside in the county where the action is pending or in an adjoining county, or where the witness is a cashier of a bank, or resides 30 or more miles from the place where the court sits in which the action is pending; and that a witness shall not be compelled to attend a court for oral examination where his deposition may be used. Sand. & H. Dig. St. Ark. §§ 2977–2979.

Upon consideration of the matter the court discharged the rule for contempt, and thereupon the plaintiff brought this action against the defendant, alleging as his sole cause of action that the defendant "unlawfully and without probable cause caused plaintiff to be arrested and falsely imprisoned." The answer denied the allegations of the complaint. There was a trial to a jury, and at the close of the evidence the court instructed the jury to return a verdict for the defendant, which was done; and, a judgment having been rendered thereon, the plaintiff sued out this writ of error.

Oscar D. Scott and Paul Jones filed brief for plaintiff in error.

Hamilton P. Smead and John R. Thornton filed brief for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The circuit court of Columbia county is a court of general, original jurisdiction. It has jurisdiction to issue writs of subpœna for witnesses in cases pending before it, and to enforce obedience to the exigencies of such writs by attachment. The subpœna was regularly issued, and the return of the sheriff thereon showed a due and legal service thereof on the witness, and neither the subpœna nor the return disclosed any fact which showed that the witness was not under legal obligation to obey the subpœna. Upon this state of the record the presumption was that the witness was under a legal obligation to attend, and was in contempt of court for failing to do so. It was, therefore, the duty of the court to issue the writ of attachment

for the witness. The writ was in due form, and served within the territorial jurisdiction of the court in a lawful manner by an officer authorized by law to serve it. The rule has long been settled that no imprisonment by virtue of a legal writ in due form, issued by a court of competent jurisdiction, and served in a lawful manner, is false imprisonment. It matters not that upon a presentation of all the facts it appears that the writ was improvidently or wrongfully issued. The existence of such facts does not make the writ void or irregular, or impair its efficacy as a complete defense to an action for false imprisonment brought against the officer serving it, or the party who procured it to be issued and instigated its service. In such cases, if the party procuring the issuance of the writ acts maliciously and without probable cause, he may be liable to an action for malicious prosecution, but he is not liable to an action for false imprisonment.

In Marks v. Townsend, 97 N. Y. 590, the court said:

"The facts stated in the affidavit upon which the warrant was issued were sufficient to give the judge who issued it jurisdiction; and in issuing it he acted judicially, and made a judicial determination. The warrant was not, therefore, void or voidable or irregular. It was the result of the regular judicial action of a judicial officer having jurisdiction upon the facts presented to him to issue it. It was subsequently set aside by the judge who issued it, when a new fact, to wit, that the plaintiff had been before arrested in an action against him by these defendants upon an order of arrest issued in the action for the same cause, and upon substantially the same grounds, was brought to his attention. The existence of this fact did not make the warrant void or irregular. When brought to his attention, it furnished the judge a ground for the dismissal of the warrant in the exercise of further judicial action. It matters not whether the warrant was dismissed in the exercise of judicial discretion, or upon the claim by the plaintiff that he could not be twice arrested for the same cause, and hence that he had the absolute legal right to be discharged from the second arrest. It was at most a case where the plaintiff was erroneously arrested. An error was committed, which, upon a proper presentation of the facts, was to be corrected by further judicial action. A warrant granted under such circumstances protects against an action for false imprisonment not only the judge who granted it, but the party who procured it and instigated its service. * * * If a warrant of attachment or an order of arrest is issued in an action upon facts giving the judge jurisdiction, and the defendant appears, and by showing new facts, or denying those alleged against him, procures the attachment or the order to be set aside, the process is not void or voidable or irregular, but simply erroneous, and protects the judge and the party who procures it, although it is set aside, against an action for trespass or false imprisonment. In all such cases these are regular judicial methods, and that which was legally done at the time cannot be converted into a wrong by relation after the process has by judicial action been set aside. This rule of exemption is founded in public policy, and is applicable alike to civil and criminal remedies and proceedings, that parties may be induced freely to resort to the courts and judicial officers for the enforcement of their rights and the remedy of their grievances without the risk of undue punishment for their own ignorance of the law or for the errors of courts and judicial officers. * * * Even malicious motives and the absence of probable cause do not give a party arrested an action for false imprisonment. They may aggravate his damage, but have nothing whatever to do with the cause of action. Hence, if in this case the defendant had intentionally withheld from the judge who granted the warrant the fact of the plaintiff's prior arrest, that fact would have been quite pertinent to maintain an action for malicious prosecution, but would not have laid the foundation for a recovery in an action for false imprisonment."

In Williams v. Smith, 14 C. B. (N. S.) 596, Willes, J., said:

"It by no means follows that, because a writ or an attachment is set aside, an action for false imprisonment lies against those who procured it to be issued. If that were so, this absurd consequence would follow that every person concerned in enforcing the execution of a judgment would be held responsible for its correctness. Where an execution is set aside on the ground of an erroneous judgment, the plaintiff or his attorney is no more liable to an action than the sheriff who executes the process is."

See, further, to the same effect, Chrisman v. Carney, 33 Ark. 321; Finley v. Gutter Co., 99 Mo. 559, 13 S. W. 87; Fischer v. Langbein, 103 N. Y. 84, 8 N. E. 251; Day v. Bach, 87 N. Y. 56.

In the case at bar the issuance and service of the writ was regular and proper, and the response of the witness did not show it to be otherwise. It is a contempt of court for a witness who is duly served with a subpœna to appear and testify to treat the command of the court with silent contempt, and neither appear nor take any means of bringing to the attention of the court the existence of facts which would excuse him from attending. The service of the writ of subpœna imposes upon a witness the duty of treating the process of the court with decent respect, and of either attending the court in person or causing to be brought to the attention of the court the facts which in law will excuse him from attending. If he does not do this, he justly subjects himself to an attachment which is not necessarily purged by simply showing that his employment was such as exempted him from attending court as a witness, or that he was not subject to be subpœnaed because of the distance he resided from the place where the court was held. These are facts of which the court can no more take judicial notice than it can of the age or condition of health of the witness. They are facts which it is the duty of the witness, when it is reasonably within his power, to bring to the attention of the court in some proper manner, and, failing to do so, he may be attached and punished for contempt. The disclosure of these facts after he has been attached is not a bar to his punishment for contempt, though they may serve to mitigate it; and the court, on account of them, may, in its discretion, condone the offense altogether. One sued for a debt which he knows he has paid may have to pay it a second time if he treats with indifference a summons issued out of a court of competent jurisdiction in an action brought on that same debt. One who ignores the personal service of process upon him, issued by a court of competent jurisdiction, does so at his peril. If he has a good answer to the exigencies of the writ, he must bring it to the attention of the court in apt time and manner on pain of being treated precisely as though he had no defense whatever.

The judgment of the circuit court is affirmed.