## WHITTEN v. BENNETT et al.

### (Circuit Court of Appeals, Second Circuit. March 2, 1898.)

### No. 62.

**1. False Imprisonment—Arrest under Valid Warrant.**

Arrest under a warrant, valid in form, issued by competent authority on a sufficient complaint, is not false imprisonment, though the indictment under which the warrant was issued was procured maliciously, and by artifice and misrepresentation, for the purpose of extorting money. The proper remedy in such case is not an action for false imprisonment, but for malicious prosecution. 77 Fed. 271, affirmed.

**2. Malicious Abuse of Process.**

An action for malicious abuse of process does not lie when the process has been used for the purpose which by law it was intended to effect. Such an action presupposes that the arrest under the process was justifiable and proper in its inception, and is founded on grievances arising in consequence of subsequent proceedings.

In Error to the Circuit Court of the United States for the District of Connecticut.

William H. Baker, for plaintiff in error.

William L. Bennett, for defendants in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the plaintiff in the court below to review a judgment for the defendants upon demurrers to the complaint.

The complaint, after stating facts showing the requisite diversity of citizenship between the parties to confer jurisdiction upon the court, and averring the defendant Bennett to be the duly-authorized executor of the last will and testament of Tilton E. Doolittle, deceased, alleges in substance that at a term of the superior court of New Haven county, in Connecticut, the grand jury found an indictment against the plaintiff, charging him with the crime of murder in the second degree; that the grand jury did not intend to indict the plaintiff, but were misled into indorsing the indictment as a true bill by the artifice and misrepresentation of Doolittle, who was the prosecuting attorney for New Haven county; that Doolittle procured the indictment maliciously, and for the purpose of extorting money from the plaintiff; that upon the application of Doolittle the governor of Connecticut granted a requisition upon the governor of Massachusetts, in which state the plaintiff then was, for the surrender of the plaintiff as a fugitive from justice, and the governor of Massachusetts issued an executive warrant for the arrest and rendition of the plaintiff, and designated the defendant Leete to execute it; and that the plaintiff, by the instruction of Doolittle, was arrested by the defendant Leete and imprisoned upon said warrant, and in consequence thereof sustained damages, etc.

We are of the opinion that the complaint does not state any cause of action. It does not allege that Doolittle actually used the indictment and the warrant of rendition for any oppressive purpose, although it avers that he procured them for the purpose of such use. The process

was valid and lawful upon its face, and no use was actually made of it except such as was strictly authorized by it. The real grievance of the plaintiff arises from the conduct of Doolittle in procuring an indictment against him without evidence, and which the grand jury did not intend to find; and if the plaintiff had chosen to have the indictment quashed, or the prosecution terminated in any other mode, he would have been entitled to maintain his action of malicious prosecution. The case is essentially like that of Coupal v. Ward, 106 Mass. 289, where it is held that, when one has procured the arrest and imprisonment of another on a lawful warrant, he is not liable to an action of assault or false imprisonment, although he obtained the warrant by misrepresentation.

The complaint does not state a cause of action for false imprisonment. Arrest under a warrant, valid in form, issued by a competent authority upon sufficient complaint, is not false imprisonment. It cannot be attacked collaterally, and is a perfect shield, in such an action, to the officer and the party who has procured its issuance. Hallock v. Dominy, 69 N. Y. 238; Hayden v. Shed, 11 Mass. 500. The indictment was regular and sufficient upon its face, and authorized the proceedings of the governor of Connecticut and the governor of Massachusetts in extradition, and the warrant issued by the latter was a protection against such an action. Kingsbury's Case, 106 Mass. 225; Davis' Case, 122 Mass. 328.

The remedy of a party who has been unjustly imprisoned upon process obtained without probable cause, or for unworthy motives, is an action for malicious prosecution. Malicious motive and the want of probable cause do not give him an action for false imprisonment, although they may aggravate his damages. Marks v. Townsend, 97 N. Y. 590.

It is not argued for the plaintiff in error that the complaint alleges a good cause of action for malicious prosecution. Clearly, it does not, because it does not aver that the indictment against the plaintiff was quashed or dismissed, or terminated in any way. But it is insisted for the plaintiff in error that it states a cause of action for the malicious abuse of process. Such an action does not lie when the process has been used for the purpose which by law it was intended to effect. Mayer v. Walter, 64 Pa. St. 283. Such an action presupposes that the arrest proceeding upon the process was justifiable and proper in its inception, and is founded upon the grievances which arise in consequence of subsequent proceedings. Wood v. Graves, 144 Mass. 365, 11 N. E. 567.

There is a class of cases in which a party who has been injured by the use of legal process which is neither void nor invalid has a remedy by action upon the case, sometimes termed an "action for abuse of process," and which is in effect an action for malicious prosecution. These are where the process is in an ex parte proceeding, and there can be no termination of the proceeding in favor of the plaintiff, as where the defendant maliciously obtains a search warrant, or demands sureties of the peace against the plaintiff. Bump v. Betts, 19 Wend. 421; Steward v. Gromett, 7 C. B. (N. S.) 191; Hyde v. Greuch, 62 Md. 577; Fortman v. Rottier, 8 Ohio St. 548.

The judgment of the court below was correct, and, in the view we have taken of the case, it is unnecessary to consider whether, by force of the Massachusetts statutes in regard to the abatement of actions, a right of action for malicious prosecution, or for abuse of legal process, survives the death of the wrongdoer.

The judgment is affirmed.