## REISTERER v. LEE SUM.

(Circuit Court of Appeals, Second Circuit. March 1, 1899.)

### No. 105.

1. MALICIOUS PROSECUTION—WHEN ACTION LIES.

One who both makes an arrest, and originates the proceeding in which it is made, may, though protected as to the arrest, be liable for malicious prosecution.

2. SAME—PROBABLE CAUSE—MALICE.

Where defendant put in motion a criminal proceeding against plaintiff, a Chinaman, under the Chinese exclusion act, on the ground that he had not a certificate of residence as required thereby, thus subjecting him to imprisonment and compelling him to establish his innocence, the only incriminating circumstances at the time being want of resemblance between plaintiff and the indistinct photograph attached to the certificate in his possession, and the existence of scars on his face, while the certificate stated that the person named in it had no physical marks or peculiarities for identification, and the photographer testified that in his opinion the photograph was one of plaintiff, and that it might originally have shown the scars, and that they might have faded out, and defendant did not attempt to compare the photograph with the one which the act required to be filed in the office of the collector of internal revenue, and did not inquire when the scars were received, a finding of want of probable cause, from which malice may be inferred, is justified, though at a subsequent investigation, before trial before the commissioner, there was sufficient evidence of probable cause, in that plaintiff made contradictory statements as to his residence, when he obtained the certificate, and as to whether he had the scars before the photograph was taken, and he was found to be an inch taller than described in the certificate.

In Error to the Circuit Court of the United States for the Northern District of New York.

Chas. A. Brown, for plaintiff in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment for the plaintiff entered upon a verdict. The action was for malicious prosecution and false imprisonment. The plaintiff was a Chinese laborer employed in September, 1897, in a laundry at Tonawanda, and the defendant was an officer of the customs at that place. On September 17, 1897, the defendant arrested the plaintiff, and took him before a United States commissioner within the district; assuming to do so conformably to the provisions of the Chinese exclusion act. That act provides that all Chinese laborers entitled to remain in the United States shall apply to the collector of internal revenue of their respective districts for a certificate of residence, and that, if they shall be found within the United States without such certificate, they shall be deemed to be unlawfully within the United States, and may be arrested by any United States customs official, and taken before a United States commissioner, whose duty it shall be to order that such Chinaman be deported from the United States. The act also provides that the certificate shall contain the name, age, local residence, occupation, and such other description of the Chinaman as may be prescribed by the secretary of the treasury. Act May 5, 1892 (27 Stat. 25). The act further provides that any Chinese person arrested under its provisions shall be adjudged to be unlawfully within the United States, unless he shall establish by affirmative proof to the satisfaction of such commissioner his lawful right to remain in the United States. As amended by the act of November 3, 1893, the act provides that a photograph of the Chinaman shall be attached to the certificate, and that a duplicate be attached to a copy of the certificate, and be filed with it in the office of the collector issuing the certificate.

About a week previous to the arrest the defendant visited the laundry where the plaintiff was at work, and asked him to exhibit his certificate. The plaintiff did so, and the defendant examined it and returned it to the plaintiff. September 17th he again called upon the plaintiff, and, after again examining the certificate, took the plaintiff in custody, and went with him before Mr. Collins, his superior officer, to the custom house in Buffalo. Thereafter, by the direction of Mr. Collins, the defendant took the plaintiff before a United States commissioner in Buffalo, and preferred a complaint against him as a Chinese person unlawfully within the United States, and falsely impersonating one to whom a certificate had been issued. The plaintiff was committed to the custody of a United States marshal pending an examination before the commissioner, and after an examination was discharged by the commissioner.

Error is assigned of the refusals of the trial judge (1) to direct a verdict for the defendant upon the cause of action for malicious prosecution; (2) to instruct the jury that the plaintiff had failed to establish a want of probable cause for commencing the prosecution; and (3) to direct a verdict for the defendant upon the ground that the plaintiff had failed to establish a cause of action either for malicious prosecution or for false imprisonment.

It appeared in evidence upon the trial that the certificate produced to the defendant by the plaintiff was issued by the collector of the

Third internal revenue district, at New York City, March 31, 1894, and, among other things, recited that the residence of the applicant was at 138 Mott street, New York, that his height was five feet two inches, and that he was without physical marks or peculiarities for identification. The photograph was indistinct. The plaintiff had several scars upon his face, but the photograph did not exhibit any.

When the defendant took the plaintiff before Mr. Collins at the custom house, the latter called in the immigration commissioner of the port and a Chinese interpreter; and the two officers questioned the plaintiff, to ascertain whether he was the person named in the certificate. In answer to their questions he made contradictory statements; saying at one time that when he obtained his certificate he lived on Pell street, in New York, and at another that he lived on Mott street, and stating at one time that the scars were upon his face before he obtained the certificate, and at another that they were not. Upon measuring him he was found to be five feet three inches in height, instead of five feet two inches, as stated in the certificate. It was after this examination that Mr. Collins directed the defendant to take the plaintiff before the commissioner and make the charge against him. The commissioner discharged the plaintiff, after the examination before him, upon the testimony of a photographer, who stated that in his opinion the photograph was a photograph of the plaintiff, and that it might originally have shown the scars upon his face, but that it was indistinct and they might have faded out.

It further appeared that the defendant did not communicate with the collector at New York City, or attempt to compare the photograph attached to the certificate with the duplicate filed with that officer. Evidence was also introduced on behalf of the plaintiff tending to prove that he came to this country in 1890, and lived in Mott street, New York City, when he obtained his certificate. He testified that the scars were upon his face before he got his certificate.

If it be assumed that by the provisions of the Chinese exclusion act the defendant was authorized to take the plaintiff into custody without criminal process, nevertheless the trial judge would not have been justified in taking the whole case from the jury if a cause of action for malicious prosecution had been established by the evidence. The action for false imprisonment does not lie for an arrest made by an authorized officer upon criminal process regular upon its face, and issued by a magistrate having jurisdiction. Whitten v. Bennett, 30 C. C. A. 140, 86 Fed. 405; Carman v. Emerson, 18 C. C. A. 38, 71 Fed. 264; Marks v. Townsend, 97 N. Y. 590. If the act of congress authorizes an arrest without process, the officer who makes it is as fully protected as he would be if he made the arrest under valid process. But an officer who makes an arrest under valid process, if he is also the complainant or the person who originates the proceeding, does so at the risk of an action for damages if he acts maliciously and without probable cause. He is no more shielded by his process or his official capacity than any other person instituting a groundless and malicious charge would be. The real inquiry consequently is whether the facts proved justified a recovery for malicious prosecution. If they did, the plaintiff was entitled to a verdict,

notwithstanding he might not have been entitled to one upon the cause of action for false imprisonment.

When the defendant took the plaintiff into custody there were but two incriminating circumstances against the plaintiff. These were the want of resemblance between the plaintiff and the photograph, and the existence of scars upon his face, while the certificate stated that the person named in it had no physical marks or peculiarities for identification. According to the evidence of the photographer, the photograph was a reasonably correct picture of the plaintiff; and, in view of its indistinctness, the absence of any appearance of scars did not seriously impeach its authenticity. The first incriminating circumstance was therefore of little significance. If the plaintiff did not receive the wounds until after he had obtained his certificate, the second incriminating circumstance was of no weight. The defendant did not inquire of the plaintiff, or endeavor otherwise to ascertain, when they were received. And, if the scars were on the plaintiff's face when he applied for the certificate, the collector might not have noticed them, or thought them sufficiently conspicuous to be noted in the certificate. Thus, in any view, the second incriminating circumstance was of no more value than the first. With no other evidential facts that the plaintiff was an offender, a just consideration for his rights demanded some effort by the defendant to verify his suspicions. It must be presumed that a duplicate of the photograph was on file with a copy of the certificate with the collector at New York; yet the defendant did not attempt to procure a comparison of the two. Nor, so far as appears, did he make the slightest effort to get information about the antecedents of the plaintiff. We cannot doubt that the case justified the conclusion that the defendant acted hastily and overzealously in making the arrest, and allowed his suspicion to overmaster the discretion and judgment which he ought to have exercised.

After the investigation made at the custom house by Mr. Collins and the immigration commissioner, there was sufficient evidence of probable cause, because the contradictory statements of the plaintiff, and the discrepancy between his height and that given in the certificate, were facts then developed of a sufficiently incriminating nature to warrant a judicial investigation. But the defendant was responsible for the arrest, and for putting in motion the criminal proceeding which subjected the plaintiff to imprisonment and compelled him to establish his innocence; and he cannot escape the consequences because, as it turned out, there was a stronger case against the plaintiff when he was put on trial before the commissioner than there was when the proceedings were initiated.

In an action for malicious prosecution the jury are at liberty to infer malice from facts that establish want of probable cause. It was not necessary, therefore, for the plaintiff to prove that the defendant was actuated by any personal ill will towards him in instituting the criminal proceeding.

We conclude that the evidence justified the jury in finding want of probable cause, and authorized them to infer malice; and, it having been shown that the criminal charge against the plaintiff had terminated by his acquittal, all the elements of the cause of action for

malicious prosecution were complete. It follows that there was no error in the rulings of the trial judge.

The trial judge, in ruling as he did, expressed the opinion that the question of probable cause was one for the jury. When facts are undisputed, and but one inference can be drawn from them, that question is one of law for the court. It may be that the photograph which was in evidence sufficiently demonstrated that the plaintiff was not its subject to authorize the jury to disregard the testimony of the photographer, and prefer their own judgment to his opinion. In that view, the question of probable cause may have been one to be submitted to the jury under proper instructions, and this was probably what the trial judge meant. However this may be, the ruling was right. A correct ruling is never vitiated because a wrong reason may be assigned.

We find no error in the record, and the judgment is affirmed.