## STEADMAN v. KEETS.

1. MALICIOUS PROSECUTION—PLEADING—PROBABLE CAUSE.
    Where the declaration in an action for malicious prosecution
    sets out fully the affidavit, warrant, and records of the alleged
    malicious suit, the defense of probable cause is admissible
    under the general issue.

2 SAME—APPEAL—QUESTIONS CONSIDERED.
    On appeal in an action for maliciously suing out a *capias* for
    trespass to land, an objection that there was no proper proof
    of title in defendant to the land on which the trespass was
    charged will not be considered, where parol evidence of title
    was not objected to below, and the court was not asked to
    charge on that point.

3. SAME—INSTRUCTIONS—PROOF OF MALICE.
    In an action for maliciously suing out a *capias* for trespass in
    removing timber from defendant's land, a request to charge
    that "the willful overstatement in the affidavit for *capias* of
    the amount of timber taken by plaintiff * * * is compe-
    tent evidence of malice" was properly refused, where the
    fact of an overstatement was not conclusively shown.

Case made from Newaygo; Palmer, J.  Submitted Jan-
uary 8, 1902.  Decided March 18, 1902.

Case by Charles Steadman against Edward Keets for
malicious prosecution.  There was a judgment for defend-
ant, and plaintiff assigns error.  Affirmed.

This is an action for malicious prosecution.  The decla-
ration alleged that plaintiff was arrested upon a *capias*
issued in a suit commenced by the defendant and one
Loveless, charging him (plaintiff) with trespass upon cer-
tain lands owned by defendant and Loveless, and with
cutting and removing certain cedar and pine timber there-
from, of the value of $215; that the affidavit for *capias*
was made by defendant, and charged him with willfully
and maliciously committing such trespass, and claimed

treble damages; that plaintiff was held to bail by the order of the circuit court commissioner in the sum of $700; that he was arrested by virtue thereof, and imprisoned in the county jail from October 10, 1895, to February 1, 1896; that he was duly tried and acquitted. The declaration contains the other usual allegations in suits of this character. The plea was the general issue. The jury rendered a verdict for the defendant.

*E. L. Gray*, for appellant.

*A. F. Tibbitts*, for appellee.

GRANT, J. (*after stating the facts*). 1. The defendant was permitted to testify that he told his attorney all the essential facts, and that the suit was brought and affidavit made upon the advice of his attorney that the facts stated were sufficient to justify the affidavit and arrest upon a *capias*. This was objected to because no notice was given, with the plea, of the defense of probable cause. Counsel cites and relies upon *White* v. *McQueen*, 96 Mich. 249, 253 (55 N. W. 843). In that case the plaintiff was arrested without a warrant and incarcerated. The following day, complaint was made against him for a misdemeanor. The defendant sought to justify his arrest by showing that he had probable cause to believe that White had been guilty of a felony. This was held inadmissible under the general issue. That case has no application to a case like the present, where the declaration sets out fully the affidavit, warrant, and records of the suit the institution of which is claimed to be malicious. In such case the plea of the general issue covers the defense of probable cause. 13 Enc. Pl. & Prac. 458.

2. It is urged that there was no proper proof of title in defendant and Loveless to the land on which the trespass was charged. The parol evidence of title was not objected to, and the court was not asked to charge upon this point. Plaintiff will not, therefore, be heard in this court to make the claim.

3. Plaintiff requested the court to instruct the jury that "the willful overstatement in affidavit for *capias* of amount of timber taken by plaintiff off of land by plaintiff in former suit is competent evidence of malice on the part of the defendant in this action for malicious prosecution." The request involves clearly a statement of fact, viz., that the affidavit contained an overstatement of the amount of timber taken. This was not a fact conclusively proven. It was a question for the jury. If the request had been to instruct the jury that, if they found such overstatement, it was competent evidence of malice, the request should have been given.

The judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.