### VAN v. PACIFIC COAST CO.

(Circuit Court, D. Washington, N. D. February 13, 1903.)

#### No. 1,030.

1. FALSE IMPRISONMENT—FACTS JUSTIFYING ARREST WITHOUT WARRANT.

It is not unlawful for a police officer to arrest and detain a person at the request of one on whom the officer has a right to rely, and while the person arrested was in the commission of an act supposed to be criminal, although it was not technically so, and such an arrest will not support an action for false imprisonment against the person causing it.

2. MALICIOUS PROSECUTION—PROBABLE CAUSE—MALICE.

Plaintiff hired to defendant for service upon a steamer during the season, and was furnished a suit of clothes to be worn on the vessel, which he was told would be his if he remained in the service through the season. He quit the service in violation of his contract, and as he was leaving the vessel carrying the suit he was arrested by a police officer, on request of defendant's agent, for the theft of the clothes. He was detained a short time, but released on the same day, because defendant did not prosecute. It did not appear that the agent had ever seen plaintiff before causing his arrest on information given him by one of the officers of the vessel. *Held* that, while not technically guilty of theft, there was probable cause for plaintiff's arrest, and on that ground, and because it did not appear that there was any malice on the part of the agent, an action for malicious prosecution could not be maintained.

Action to recover damages for causing the plaintiff to be arrested by a police officer upon an accusation of theft, which was not afterwards

prosecuted, the complaint alleging that the defendant's agent acted maliciously in causing his arrest, without any cause or warrant whatsoever. On the trial a verdict for the defendant was rendered, pursuant to a peremptory instruction of the court. Heard on motion for a new trial. Motion denied.

Carroll & Carroll, for plaintiff.

Piles, Donworth & Howe and C. H. Farrell, for defendant.

HANFORD, District Judge. Upon the trial of this action, after all the evidence had been introduced in behalf of the defendant as well as the plaintiff, and both sides had rested, the court granted a motion then made in behalf of the defendant for a peremptory instruction to the jury to render a verdict for the defendant. Said motion was granted by the court, upon the ground that by the uncontradicted evidence in the case there appeared to be probable cause for the accusation made against the plaintiff upon which he was arrested by a police officer, and there was no evidence of malice on the part of the defendant's agent who requested the officer to make the arrest. The motion for a new trial has been argued upon the theory that the action is to recover damages for false imprisonment, and that the court committed an error in holding that malice is an essential element of such an action.

In order to reach a correct conclusion in this case it is necessary to take our bearings from the pleadings. The complaint, after stating formal matters and the jurisdictional facts, contains a narrative in substance as follows: In the month of June, 1902, the plaintiff entered into the service of the steamship Spokane, owned by the defendant, which was then about to go on a trip with a party of excursionists, and plaintiff was presented with a suit of clothes, of the value of $2.50, which were to be worn by him during that trip. The plaintiff's suit was recut, altered, and fitted to him at his own expense. Afterwards, during the same month, at the port of Seattle, he quit the service of the vessel, when there was a sum of $4.80 due him, which the defendant's officers and agents refused to pay. On leaving the vessel the plaintiff attempted to take with him his belongings, including the said suit of clothes, but he was detained by an agent of the defendant, who accused him of stealing the said suit of clothes, and called a police officer of the police force of the city of Seattle, and said officer at the instance of said agent arrested the plaintiff, and took him into custody. Said agent at that time, in the hearing of the public, charged the plaintiff with stealing the suit of clothes, demanded that the officer take him to jail, and stated that he would go to police headquarters, and make a charge under oath against the plaintiff for the theft of said suit of clothes. The plaintiff was taken to police headquarters, and there detained for a short time, but was released on the same day for the reason that no one appeared at police headquarters to make any charge against him. In this there is no positive allegation that the suit of clothes belonged to the plaintiff, nor that he had any right to take it from the vessel. It is reasonably clear from what is stated, and the court must infer, that the plaintiff was arrested with the suit of clothes in his possession, while in the act of taking the same away from the

ship, without the consent of the owner; that he was arrested under the circumstances described, by a police officer, acting upon information furnished by the agent of the defendant, and upon a request to make the arrest preferred by the agent, and upon an accusation of theft. The court should also infer that the agent who accused the plaintiff is a person whose statements the officer had a right to believe and act upon. It is assumed in the argument that under the circumstances and conditions recited the arrest was unlawful, for the reason that the plaintiff was not technically guilty of larceny. But it is not true that it is unlawful for a police officer to arrest a person while in the commission of any act of an aggressive character and supposed to be criminal, but which is not technically criminal. By far too much immunity would be secured to the lawless and criminal elements, if the laws prohibited arrests upon suspicion, based upon probable cause, and I do not find any such unreasonable rule sanctioned by the authorities. On the contrary, any innocent person is liable to be subjected to detention while circumstances of an apparently criminating character are being investigated. The following is a fair statement of the general rule applicable to this case:

"Though a person be arrested and imprisoned without warrant, and for an alleged crime of which the officer arresting has no personal knowledge, and the person so arrested is in fact innocent, it is not false imprisonment if the officer acted upon information received from one on whom he had reason to rely." 12 Amer. & Eng. Encyc. of Law (2d Ed.) 741, citing Filer v. Smith, 96 Mich. 351, 55 N. W. 999, 35 Am. St. Rep. 603; White v. McQueen, 96 Mich. 249, 55 N. W. 843.

It is an essential element of an action to recover damages for false imprisonment that the imprisonment or detention must be unlawful; for when the law has been appealed to, and there has been no abuse of its process, there can be no basis for alleging that a legal wrong has been committed. In this case it was not proved by evidence upon the trial that the arrest and detention of the plaintiff was unlawful, and it may be reasonably inferred from his own pleading, and it was positively proven by the evidence, that he was taken into custody by an officer having at the time lawful authority to do so. Therefore the action cannot be maintained to recover damages for false imprisonment.

The narrative above recited is not the substantial part of the complaint, but should be regarded as matter introduced into the complaint merely by way of inducement. The pleader seems to have understood very well that an action for false imprisonment could not be maintained, for if he believed that the action could be maintained and a recovery had for false imprisonment without proof of malice he would not have placed upon his client an unnecessary burden by charging malice, as he has done in the seventh paragraph of the complaint, which reads as follows:

"That the said arrest and imprisonment of plaintiff was caused, as aforesaid, by said Miller in his capacity as assistant general agent of defendant, and by virtue of his duties to and instructions from defendant, and in its behalf and for its benefit; and that said charge made as aforesaid by said Miller, for and on behalf of defendant, was wholly untrue, false, and malicious, and was made without any cause or warrant whatsoever, and for the purpose

of annoying and disgracing plaintiff in the eyes of his fellows, and to bring upon him shame and scandal, all of which has injured and damaged plaintiff in the sum of five thousand dollars ($5,000.00)."

This paragraph, in connection with other parts' of the complaint, places the action upon a charge of malicious prosecution as its foundation; therefore to sustain it the plaintiff was bound to prove want of probable cause and malice, for these are essential elements of the action which he commenced, and it is my opinion that he failed entirely to introduce any evidence tending to prove malice on the part of any representative of the defendant, and that by his own evidence, and that of the witnesses called in his behalf, it was proved affirmatively that there was probable cause justifying the accusation upon which he was arrested. The evidence introduced on the plaintiff's side proves that the suit was worth at least five times the value placed upon it in the complaint; that when it was given to him upon his entering the service of the steamship Spokane he was told that it was to be worn on board the steamer, and that it would be his if he continued in the service until the end of the excursion season; that the steamer was placed upon the route from Puget Sound to ports in Alaska, as an excursion boat, for the season of 1902, during which she was expected to make four round trips; that the vessel had made but one round trip; that the plaintiff had signed shipping articles for the second trip, by which he was engaged to continue in the service, but without the consent of the master, and without being discharged, he quit the service, because he was dissatisfied on account of the failure of the steward, in whose department he was employed, to assign him to the particular work which had been promised him; that he demanded of the steward payment of a small sum of money which he claimed to have earned, which demand was refused, and he then said that he would not give up the suit of clothes until he received the money which he claimed, and when he was leaving the vessel with the clothes in his possession the steward reported the matter to the general agent of the defendant, who thereupon called a police officer and caused the arrest alleged in the complaint. There was no evidence tending to prove in any way that the defendant's agent, who is charged in the complaint with having acted maliciously, had any previous acquaintance with the plaintiff or motive for injuring him.

It is my opinion that the plaintiff was the aggressor in breaking a contract which he had voluntarily made, and in attempting to carry away from the vessel a suit of clothes which had been given to him conditionally, when he had not performed the conditions whereby he should have earned the same. The opposition from the defendant which he encountered was natural under the circumstances, and was not carried to such an extent as to constitute a tort.

Motion denied.