POLONSKY v. PENNSYLVANIA R. CO. et al.

(Circuit Court, S. D. New York. December 10, 1909.)

1. FALSE IMPRISONMENT (§ 2*)—ACTS CONSTITUTING.

The gist of an action for false imprisonment is a trespass committed either personally or by procurement upon the body of the plaintiff, and it is essential to the successful maintenance of the action that the act alleged to constitute the trespass be unlawful.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 1; Dec. Dig. § 2.*

For other definitions, see Words and Phrases, vol. 3, pp. 2657–2661; vol. 8, p. 7660.]

2. FALSE IMPRISONMENT (§ 7*)—RIGHT OF ACTION—ILLEGALITY OF ARREST.

An arrest is not necessarily unlawful so as to afford ground for an action for false imprisonment because the plaintiff was innocent of the offense for which the arrest was made, if the forms of law were observed.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 5; Dec. Dig. § 7.*]

3. FALSE IMPRISONMENT (§ 7*)—LIABILITY—PERSONS· PROCURING ARREST.

One who physically makes an unlawful arrest is a tort-feasor, and one who counsels or procures such arrest is a joint tort-feasor, and both are liable in an action for false imprisonment; but if the officer is protected, as where he acted under a warrant valid in form, issued by a competent authority upon sufficient complaint, or where the arrest without process was authorized by statute, the person procuring the arrest is also protected from an action for false imprisonment, whatever may be his liability in an action for malicious prosecution.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 45–61; Dec. Dig. § 7.*]

4. FALSE IMPRISONMENT (§ 2*)—ELEMENTS OF CIVIL LIABILITY—MALICE AND PROBABLE CAUSE.

The substance of false arrest or imprisonment is trespass vi et armis, and neither malice nor probable cause can constitute elements in the case except in aggravation or mitigation of damages.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 1; Dec. Dig. § 2.*]

At Law. Action by Jacob Polonsky against the Pennsylvania Railroad Company and the Pullman Company. On motion by plaintiff for new trial. Motion denied.

Order reversed, 184 Fed. 561.

Mr. Ernst, for plaintiff.

Mr. Feary, for defendant Pennsylvania Co.

Mr. McCulloh, for defendant Pullman Co.

HOUGH, District Judge. The gist of an action for false imprisonment is a trespass committed either personally or by procurement upon the body of the plaintiff. It is essential to the successful maintenance of the action that the act alleged to constitute the trespass is unlawful. That the trespass aforesaid consists in the arrest, incarceration, or detention of an innocent man is not of itself material. That the arrest of one who is innocent must be unlawful is naturally an attractive statement; but, if the forms of law be observed,

such statement is not necessarily true. An arrest and consequent imprisonment may be unjust and mistaken, but, if it be lawful (i. e., in compliance with the technical requirements of statute or common law as the case may be), then no trespass was committed, and resort must be had to an action of trespass on the case (i. e., for false imprisonment). One who unlawfully performs the physical seizure constituting arrest is a trespasser, and therefore a tort-feasor; and one who counsels, procures, aids, or abets such tort-feasor is himself a joint tort-feasor.

It is inherent in the nature of a joint tort that those jointly liable (in order so to be liable) must all in contemplation of law have been guilty of the same tort, and be liable to the same prosecution or suit. There cannot therefore be one proceeding in false imprisonment against the officer or other person who makes the arrest, and another proceeding called by the same name—i. e., false imprisonment—against him who procured the officer's action. The substance of false arrest or imprisonment is trespass vi et armis, and therefore neither malice nor probable cause can constitute elements in the case except in aggravation or mitigation of damages.

Malicious prosecution does not necessarily presuppose an assault of any kind. It essentially consists in maliciously setting the law in motion, and for obvious reasons, therefore, both malice and probable cause are not only proper, but necessary, ingredients in the case.

I am compelled to believe that the foregoing distinctions between the two kinds of action are still upheld by the great weight of authority. The cases have been collected and commented on by Judge Jaggard of the Supreme Court of Minnesota in the articles "False Arrest" and "Malicious Prosecution" in the Cyclopædia of Law and Procedure. It is, I think, undeniable that the distinction between the two causes of action has often been overlooked and language used in decisions of authority tending to produce great confusion of thought. It seems to me this case is an illustration of the injury done to parties litigant by the survival of common-law rules regarding actions different in substance in a day when even the memory of common-law pleading seems to be fast passing away. If this plaintiff had been compelled to declare in trespass for an assault vi et armis, he would have been brought face to face with the proposition that whatever assault was committed was done by an officer in strict conformity with the statute, and that, therefore, the imposition of hands was lawful. He would therefore have been compelled to consider whether he could not frame his action on the case as for an unlawful use of lawful process or its equivalent.

As the matter stands now, plaintiff says in substance that, if he cannot sue in false arrest, he cannot sue at all, because, although there was an arrest, there never was any prosecution, inasmuch as prosecution involves something more than the mere seizure for a short time of plaintiff's body, and for this doctrine there is some authority. 26 Cyc. p. 10. But the courts of this circuit have hitherto maintained the ancient distinction between false arrest and malicious prosecution with the greatest rigidity. Arrest under a warrant valid in form is-

sued by a competent authority upon sufficient complaint is not false imprisonment. It cannot be attacked collaterally, and is a perfect shield in such an action to the officer and the party who has procured its issuance. Whitten v. Bennett, 86 Fed. 406, 30 C. C. A. 140. But it is said here there was no complaint, and there was no warrant. This, however, is immaterial, for, if an "act of Congress authorizes an arrest without process, the officer who makes it is as fully protected as he would be if he made the arrest under valid process." Reisterer v. Lee Sun, 94 Fed. 345, 36 C. C. A. 285. But plaintiff again urges that even if this be so, and the officer in this case was legally justified in making the arrest, nevertheless the person procuring him to do it is not protected because (apparently) there was no written complaint. But, if the officer "who makes an arrest under valid process is also the complainant or the person who originates the proceeding, he does so at the risk of an action for damages if he acts maliciously and without probable cause." Reisterer v. Lee Sun, supra. It can therefore make no difference at all whether the person arresting is himself the complainant or whether another be the complainant, and this must follow from the nature of joint liability in trespass. In the same form of action and by reason of the same cause of action one man cannot be shielded by valid process and another be liable as if that process were unlawful. Therefore in the case just cited the court continued: "The real inquiry consequently is whether the facts proved justified a recovery for malicious prosecution." The same rigid doctrine has been fully expounded by Hanford, J., in Van v. Pacific Coast Co. (C. C.) 120 Fed. 699.

The motion for a new trial is denied and judgment may be entered.