LARSON v. COLLINS.

1. FALSE IMPRISONMENT—COMMITMENT—SUFFICIENCY—RECITAL OF
OFFENSE.
    A commitment in a criminal case reciting that a certain
    person was convicted of having, on a specified date, at a
    specified city and county, then and there acted in a dis-
    orderly manner on one of the public streets of said city,
    contrary to the form of an ordinance of the city, entitled
    "An ordinance relating to disorderly persons," and against
    the peace and dignity of the people of the State, does not
    recite a conviction of any offense known to law, and is
    therefore void upon its face.

2. SAME—LIABILITY OF OFFICER—VOID COMMITMENT.
    A commitment in a criminal case which is void upon its
    face does not afford protection to the officer executing it,
    and he consequently may be liable for damages for false
    imprisonment.

3. SAME—QUESTION OF LAW.
    In an action for damages for false imprisonment against an
    officer, where the facts are undisputed, the question of
    probable cause is a question of law for the court.

Error to Muskegon; Sullivan, J. Submitted Janu-
ary 10, 1917. (Docket No. 94.) Decided March 30,
1917.

Case by Matilda Larson against Fred J. Collins,
sheriff of the county of Muskegon, for false imprison-
ment. Judgment for plaintiff. Defendant brings er-
ror. Affirmed.

*Harris E. Galpin,* for appellant.

*R. R. Gale,* for appellee.

This is an action for false imprisonment. Plaintiff
was arrested and tried before one Elmer E. Rosen-

berry, a justice of the peace and police justice of the city of Muskegon. The complaint which charged the plaintiff with the commission of an offense does not appear in the record. She was convicted, however, and the following commitment was thereupon made out by the justice:

"STATE OF MICHIGAN,  } SS.:
   "County of Muskegon,  }

"To the Sheriff, or Any Constable of said County, and to the Keeper of the Common Jail of said County, Greeting:

"Whereas at a court held this day at the 1st of October in said county, before me, Elmer E. Rosenberry, a justice of the peace and police justice, of the city of Muskegon, in and for said county of Muskegon, one Lillie Larson was by me, after a full hearing in his presence, under a proper complaint in writing, and upon oath of Thomas Gerrity, duly convicted of having on the 30th day of September, A. D. 1915, at the city of Muskegon and in the said county aforesaid, did then and there act in a disorderly manner on one of the public streets of the city of Muskegon contrary to the form of an ordinance of said city entitled 'An ordinance relating to disorderly persons' (section 3), January 25, 1878, and against the peace and dignity of the people of the State of Michigan. And whereas, upon such conviction, I, the said justice of the peace and police justice, did adjudge that the said Lillie Larson should pay a fine of $20.00 (twenty dollars), within one hour and that in default of payment of said fine within said time then she should be and remain imprisoned in the common jail of said county until said fine shall be paid but not to exceed the period of forty days from and including this date, and that said fine has not been paid.

"Therefore, you, the said sheriff or constable, are hereby commanded, in the name of the people of the State of Michigan, forthwith to convey and deliver the said Lillie Larson into the custody of the keeper of the common jail of said county; and you, the keeper of said jail, are hereby required in the name of the said people, to receive the said Lillie Larson into your custody, in the said jail, and her there safely keep until the ex-

piration of her said sentence as above recited, or until she shall be discharged by due course of law.

"Given under my hand and seal at the city of Muskegon, in said county of Muskegon, this 1st day of October, A. D. 1915.

"ELMER E. ROSENBERRY,
"Justice of the Peace and Police Justice."

There is no question that this commitment was made out and signed by the justice at the time of the conviction. It did not, however, get into the hands of the defendant, the sheriff, until about 18 days later. After said plaintiff had been incarcerated by the defendant sheriff for a period of 18 days, she was released upon a writ of *habeas corpus,* whereupon she instituted the present action against the sheriff for false imprisonment. No point was made in the court below based upon the fact that the sheriff had imprisoned the plaintiff without *any* commitment; but the commitment itself, set out above, was attacked as void on its face and therefore insufficient to protect the sheriff. No fraud or bad faith on the part of the sheriff was charged or proven at the trial. There being no disputed question of fact, each party moved for a directed verdict. The learned circuit judge before whom the case was tried concluded that the commitment was absolutely void upon its face and directed the jury to return a verdict against the defendant, leaving to the jury simply the question of the amount of damages. A verdict was returned in favor of the plaintiff in the sum of $65, upon which verdict judgment was duly entered.

There are several assignments of error, but all will be disposed of by a determination of the single question: Was the commitment sufficient upon its face to protect the sheriff in the execution of the sentence therein set forth? The statute defining the procedure of justice's courts in criminal cases (1 Comp. Laws, § 1038; 3 Comp. Laws 1915, § 15788) provides:

"The judgment of every such court shall be executed by the sheriff or any constable of the county where the conviction shall be had, by virtue of a warrant under the hand of the justice who held the court, to be directed to such officers, and specifying the particulars of such judgment."

Brooke, J. (*after stating the facts*). On behalf of the appellant, it is contended that the commitment was fair upon its face and a sufficient protection for the sheriff. It is said that the commitment was held invalid by the trial court, not because the particulars of the judgment were not set forth, but because the offense was not set forth with that degree of particularity which might be required in the complaint; and it is urged that the law does not require the commitment to set forth the offense with as much particularity as might be required in the case of an indictment or an information. Counsel cites 12 Am. & Eng. Enc. Law (2d Ed.), pp. 765-767, where it is held generally that when an executive officer is directed by a warrant, valid upon its face, he is not bound to look behind the face of the writ placed in his hands to be executed, nor to take notice of extrinsic facts; but he will not be permitted to question the validity of a writ neither void nor voidable upon its face, and this even though the magistrate issuing the warrant committed an error of judgment in so doing, or even though the writ has been illegally or fraudulently issued. The case of *Wheaton* v. *Whittemore*, 49 Mich. 348 (13 N. W. 769), is also cited. This court there said:

"The officer is not bound to look behind a regular warrant coming from a proper jurisdiction. In many cases it must be exceedingly difficult for the officer or his advisers to determine whether a warrant is or is not defective upon its face, and in view of the peculiar position in which the officer is placed, in all such cases he cannot be held liable in a civil action for damages, for making the arrest.

"Where a criminal warrant is issued by a magistrate in a case where he has no authority to issue process of that nature, ordinarily no question could arise; but, where jurisdiction is given him over the subject-matter, his warrant 'reciting the substance of the accusation' will not always show upon its face whether the magistrate did or did not have the necessary jurisdictional facts before him. And the officer is not required for his protection to inquire into the facts back of his warrant."

It should be noted that in the authorities cited on behalf of the appellant the officer is held to be protected only by a warrant fair upon its face. It is asserted by counsel for appellee, and with that contention the learned circuit judge agreed, that the commitment set out a conviction for no offense known to the law. The paper recites that the plaintiff was—

"duly convicted of having on the 30th day of September, A. D. 1915, at the city of Muskegon and in the said county aforesaid, did then and there act in a disorderly manner on one of the public streets of the city of Muskegon contrary to the form of an ordinance of said city entitled, 'An ordinance relating to disorderly persons' (section 3), January 25, 1878, and against the peace and dignity of the people of the State of Michigan."

While we agree with counsel for appellant that actions of this character against officers of the law should not be encouraged, we are yet constrained to hold that the commitment recited a conviction of no offense known to the law, and was therefore void upon its face and insufficient to afford protection to the officer who executed it. The following cases, while not identical with the one at bar, sustain this conclusion upon principle: *Le Roe* v. *Roeser*, 8 Mich. 537; *In the Matter of Leddy*, 11 Mich. 197: *Rogers* v. *Jones*, 3 Barn. & Cress. 409.

Where the facts are undisputed, the question of probable cause is a question of law for the court. That

being the situation in the case at bar, a verdict was properly directed. *White* v. *McQueen*, 96 Mich. 249 (55 N. W. 843).

The judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.